UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKEL LEE PLETT, | No. 2:25-cv-00332-DAD-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| GELMAN, | |
| Defendant. | |

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, a motion to amend the complaint, and a motion for referral to the court's alternative dispute resolution ("ADR") program. ECF Nos. 2, 9, 11, 12.

<u>Leave to Proceed In Forma Pauperis</u>

    Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Motion to Amend</u>

    Plaintiff requests leave to file an amended complaint. ECF No. 9. Amendment as a matter of course is permitted where, as here, no responsive pleading has yet been filed. Fed. R.

1

Civ. P. 15(a)(1)(B). Accordingly, the motion for leave to amend will be granted, and the case proceeds on plaintiff's amended complaint (ECF No. 10).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff alleges that defendant, a doctor at San Joaquin Medical Center, was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by committing medical malpractice in failing to inform plaintiff of the possibility of nerve damage from surgery on plaintiff's foot. ECF No. 10

To state an Eighth Amendment claim predicated on indifference to medical needs, a plaintiff must allege facts showing that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment. *Id*. at 835-36 & n.4. "[A]n inadvertent failure to provide adequate medical care" does not, by itself, state a deliberate indifference claim for § 1983 purposes. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) (internal quotation marks omitted); *see also Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Plaintiff's claim that defendant failed to warn him of the possibility of nerve damage from his foot surgery alleges, at best, a state-law negligence claim. *DeMonte v. Griffith*, No. 1:16-cv-00116-LJO-SKO (PC), 2017 U.S. Dist. LEXIS 138953, at *7-8 (E.D. Cal. Aug. 28, 2017) ("[F]ailure to fully inform Plaintiff of the risks and benefits of a procedure (i.e. failure of informed consent) at most equates to negligence and is not actionable under the Eighth Amendment."). Although the Court may exercise supplemental jurisdiction over state law claims, plaintiff cannot pursue such claims in this court without first stating a cognizable claim under federal law. *See* 28 U.S.C. § 1367.

    Plaintiff will be provided an opportunity to file an amended complaint to attempt to correct these deficiencies.

### Leave to Amend

If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

### Motion for ADR Referral

Because plaintiff has not yet stated a cognizable federal claim, his request for referral to the ADR program is premature and will be denied.

### Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint (ECF No. 9) is GRANTED;
2. Plaintiff's request for referral to the alternative dispute resolution program (ECF No. 12) is DENIED;
3. Plaintiff's application to proceed in forma pauperis (ECF No. 2, 11) is GRANTED;

4. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;

5. The complaint is dismissed with leave to file an amended complaint within 30 days of this order. The amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint."

6. Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute.

Dated: November 10, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>Plaintiff,<br><br>v.<br><br>SGT. SAAVEDRA, et al.,<br><br>Defendants. | No. 2:24-cv-02777-DC-EFB (PC)<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the Eighth Amendment claims against Saavedra, Lopez-Flores, Hutchings, Rios, Pesole, and Musat.

OR

(2) _____ delay serving any defendant and file an amended complaint.

_____

Plaintiff

Dated:

6